Good morning. We'll start first with the United States v. Dunshee. And we have for the appellant Stephen Jacobson. Good morning, members of the court, counsel. Stephen Jacobson appearing on assistant federal defender representing Mr. Dunshee in this appeal. Thank you, Mr. Jacobson. I'll just remind you we've got this set for ten minutes for each side. If you wish to make rebuttal argument, just stop short of the ten minutes. I'll intend to reserve a minute. Unless this case is moved. Government hasn't raised mootness, and I don't believe mootness will apply. Would you like me to address that? If you may be mistaken, didn't we get a letter from you? Yes, I learned this week that Mr. Dunshee has been re-released last month. Isn't he back where he was before all this happened? He's actually in a better place now than he was before as far as he's living with his wife again. He's working again and that sort of thing. Yes, he's in Springfield, and now he's back in the same condition he was before the district judge revoked him and sent him to Springfield. Why isn't this case moved? Aren't they going to have to bring another order and bring him in before they can ever put him back? I think, first of all, the government hasn't raised mootness and it's for a reason. Let me address the reason. I'm raising it. We're raising it. That's our responsibility because it goes to jurisdiction. Mootness is not applicable here because this fits the category of issues capable of repetition and evading review in the classic sense. I think the most recent 9th Circuit... Mr. Jacobson, won't he have to start taking methamphetamine again and be revoked again after another order to show cause in order to be revoked? Is there a procedure which you're afraid of where he will be hauled back into federal court if he minds his piece and queues and doesn't do a thing wrong? If he doesn't do a thing wrong, I'm not afraid of anything happening. But that's not the history we have here. We have a very clear history with Mr. Dunshee over a four-year period of time that he has relapsed into drug use. Not with any violent behavior, but into drug use. And over that period of time, he's been brought back before the court several times. This instance that we're appealing from is the first time that the court has revoked his supervision, and it did so under incorrect legal theory. Let's say that you're right on all of that. Okay. Unless he takes meth again, he's not going to come back to court. You're saying it's capable of repetition because he may break the law again. Do you have a case that says that that's capable of repetition under that theory, where it's completely up to the individual, and unless they break the law, it is not capable of repetition? I think if you – the most recent Ninth Circuit case on the issue of mootness and capable of repetition is the Hubbard case, Hubbard v. Mapp. And I can supply a 28-J letter on that, but let me give you the citation. 379 F. 3rd 773. And there's a discussion in there about California commitment statutes that concern civil commitments and issues that aren't exactly like ours. But the same thing happened there to a gentleman who went in for a two-year commitment. The legal process did not work through before he was released again. And then the same commitment happened to him again, and government claimed mootness in that case. The court said it's not moot. It's certainly capable of repetition. And the issue here I don't think is whether he will, whether it's within his own power. The issue is that we have a person who has a clear history of where this happens, and what is the legal standard that we use? He should not be subject to arrest and revocation based on an incorrect legal theory, that simply because he's used meth and he's not dangerous to anybody else that we can send him back to the hospital for a year at a time. Judge Panner did not envision that he would be in that long. You can look at, I think, his excerpt of record, page 27, which says, if you do well, I'm sure you'll be out soon. And relatively soon he got out. It took a year. Well, your argument is that the face of the statute shows that doing harm to himself is not envisioned. It's only doing harm to others or property of others, and that Judge Panner was just wrong as a matter of law. Yes. Going back to the Hubbard case, was that one where a person would have to violate a crime in order to come under the capable of repetition? I don't think it was a new criminal activity. I suspect you haven't had much of a chance to do much research on this point. I haven't, and I believe it's the government's burden or position to state it. It's really not their burden because mootness goes to our jurisdiction, and I felt you have a pretty good argument on the merits if we ever got to it, but I'm really more concerned with mootness than with the substantive issues. We could permit supplemental briefing on mootness from both parties by order, and I really think your position is very well stated in the briefing on the merits if we can get to it. Mr. Jacobson. Yes. As I sit here, I'm going to throw you a lifeline as far as supplemental briefing. Take a note. Please read the majority opinion in Demaree versus Arpaio, a recent Ninth Circuit court case in which persons who had been detained at the Maricopa County facility of Sheriff Joe Arpaio brought an action to enjoin the use of website cameras to illustrate that scene in which they would appear. The challenge was made by a certain dissenting judge, if you're looking at him, that there was no standing because they'd have to violate the law in order to be arrested, and there was no indication they would. The majority went the other way. That might be a case that would help you. Thank you very much. I take it that maybe my best course of action at this point is to reserve any rebuttal time and then deal with the court's directives as to filing either 20HA or supplemental briefing, whatever is appropriate. Yes. I think at least my vote is going to be to permit supplemental briefing on mootness. Yes. Thank you. I'll reserve the rest of my time. You go for supplemental briefing. We're on the court in the supplemental briefing. Thank you. Mr. Jacobson, members of the court, I guess I'll ask for an instruction from the court. I'm pleased to try to argue the merits if the court is going to ask for supplemental briefing. Here's the thing. I think the government's got a very difficult position on the merits if we ever get to it because of the statute's literal language. But putting that aside, I think the whole panel is going to want supplemental briefing on mootness because if it's moot, we don't reach the merits. So it might be helpful, at least at the outset, if you address mootness so that we can assess that. Well, Your Honor, I'm just going to be honest. I'm not very well prepared to address any of the case law on mootness, and part of that is I simply didn't receive it. I know Mr. Jacobson sent the letter. I had a copy, and for lots of reasons I won't bore you with it. I saw it yesterday, and I just didn't get around to additional briefing. But I would be most happy to do that. Here's what I would suggest if the panel is in agreement. I'd suggest that we issue an order for supplemental briefing on mootness. If we determine that it's not moot, we can reset this for a further argument on the merits, either by telephone or in person, at a mutually convenient time. It may be difficult to assemble our panel because we're not always in Portland, but if we conclude it's not moot, we'll determine a way to give you a chance for argument if we think we need it. That's fine. Does anyone want to hear? If we determine that the other issues are sufficiently submitted on the briefs, we can still. We can always submit it. Does any member of the panel want to hear from either counsel on the merits? No, it's fine. I am curious why he's been out for some time that the government doesn't know that he's out. Don't you get contacts? Your Honor, I think, yes, we probably should have. For some reason, I simply was not aware of that. Would you mind checking on that? The three of us spend a considerable amount of time getting ready for this case on the merits. Had we known last week, we would have done something entirely different. Well, it may be that we need a different mechanism to do that because, quite frankly, I don't know that, absent some further activity in the case, once a person has left the facility and come back, that we would receive no critical view. No, I understand that, Your Honor. It seems to be somewhere in the entire government bureaucracy there should be some way of computerizing to you because you have the case. It would have been helpful. Thank you. Well, thank you. We appreciate counsel being here. Thank you. The case will have submission deferred pending further briefing, and we will issue an order on the briefing. Okay. Next on our docket is Fong v. Morrow. And for appellant, we have...
judges: Wallace, Gould, Bea